# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 11, 2022

Lyle W. Cayce
Clerk

No. 21-11099

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TERRELL M. CLARK,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CV-1071

Before HIGGINBOTHAM, GRAVES, and HO, *Circuit Judges*.

PER CURIAM:*

Terrell M. Clark pleaded guilty to theft of firearms from a licensed firearms dealer in violation of 18 U.S.C. § 924(m) and brandishing a firearm during a crime of violence in relation to 18 U.S.C. § 924(c)(1)(A)(ii). Following the Supreme Court's decision in *United States v. Davis*, 139 S. Ct.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-11099

2319 (2019), we vacated Clark's §924(c) conviction as his underlying firearm theft was no longer deemed to be a crime of violence.

Clark moved for a certificate of innocence under 28 U.S.C. § 2513, which would enable him to bring a claim for damages for unjust conviction and imprisonment in the United States Court of Federal Claims under 28 U.S.C. § 1495. The district court denied his motion.

Clark is not entitled to a certificate of innocence because he cannot meet the requirements of § 2513(a)(2), which requires that Clark prove that he did not commit any of the acts charged or that none of his acts constituted an offense against the United States. Although his § 924(c) conviction was vacated, Clark's § 924(m) conviction remains. Thus, his acts constituted an offense against the United States, barring him from obtaining a certificate of innocence. *See Osborn v. United States*, 322 F.2d 835, 841–43 (5th Cir. 1963).

The order of the district court, denying the motion for a certificate of innocence, is AFFIRMED.